**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000620**
**15-FEB-2019**
**09:38 AM**

NO. CAAP-17-0000620

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DAWN A. PHILLIPS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DCW-17-0001815)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Reifurth, JJ.)

Defendant-Appellant Dawn A. Phillips, appeals from the July 31, 2017 Judgment and Notice of Entry of Judgment ("Judgment") entered by the District Court of the Third Circuit, Kona Division ("District Court").[1] The Judgment was issued following a change-of-plea hearing at which Phillips sought to change her plea from not guilty to no-contest as to Count 1, Open Lewdness in violation of Hawaii Revised Statutes ("HRS") section 712-1217(1)[2] and as to Count 2, Disorderly Conduct, in violation of HRS section 711-1101(1)d and (3).[3] At the hearing, Phillips

---

[1] The Honorable Margaret Masunaga presided.

[2] The statute provides:

    (1) A person commits the offense of open lewdness if in a public place the person does any lewd act which is likely to be observed by others who would be affronted or alarmed.

    (2) Open lewdness is a petty misdemeanor.

Haw. Rev. Stat. § 712-1217 (2014).

[3] The statute provides, in relevant part, that:

    (1) A person commits the offense of disorderly
(continued...)

requested a one-month deferral of the plea's acceptance.

On appeal, Phillips contends that: (1) the District Court abused its discretion in denying her motion for deferred acceptance of her no contest plea ("Motion for DANC"); and (2) the District Court's denial of the motion was unconstitutional. Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Phillips' points of error as follows and affirm:

(1) Phillips argues that the District Court abused its discretion because it failed to consider the factors enumerated in HRS section 853-1(a)(1)-(3)[4] in deciding the Motion for DANC.

---

[3] (...continued)
>       conduct if, with intent to cause physical inconvenience or
>       alarm by a member or members of the public, or recklessly
>       creating a risk thereof, the person:
>
>       . . . .
>
>       (d)    Creates a hazardous or physically offensive
>              condition by any act which is not performed
>              under any authorized license or permit[.]
>
>       . . . .
>
>       (3) Disorderly conduct is a petty misdemeanor if it is
>       the defendant's intention to cause substantial harm or
>       serious inconvenience, or if the defendant persists in
>       disorderly conduct after reasonable warning or request to
>       desist. Otherwise disorderly conduct is a violation.

Haw. Rev. Stat. § 711-1101(1)(d), (3) (2014).

[4]     The statute provides, in relevant part, that:

>       (a) Upon proper motion as provided by this chapter:
>
>       (1)    When a defendant voluntarily pleads guilty or
>              nolo contendere, prior to commencement of trial,
>              to a felony, misdemeanor, or petty misdemeanor;
>
>       (2)    It appears to the court that the defendant is
>              not likely again to engage in a criminal course
>              of conduct; and
>
>       (3)    The ends of justice and the welfare of society
>              do not require that the defendant shall
>              presently suffer the penalty imposed by law,
>
>       the court, without accepting the plea of nolo contendere or
>       entering a judgment of guilt and with the consent of the
>       defendant and after considering the recommendations, if any,
>       of the prosecutor, may defer further proceedings.

(continued...)

Phillips maintains that the statute's three factors strongly supported deferral of her no contest plea.

"The grant or denial of a motion for a DANC . . . plea is within the discretion of the [district] court and will not be disturbed unless there has been manifest abuse of discretion." *State v. Tom*, 69 Haw. 602, 603, 752 P.2d 597, 597 (1988) (citing *State v. Karwacki*, 1 Haw. App. 157, 159-60, 616 P.2d 226, 228 (1980)). "An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *State v. Davia*, 87 Hawaiʻi 249, 253, 953 P.2d 1347, 1351 (1998) (internal quotation marks omitted) (quoting *State v. Merino*, 81 Hawaiʻi 198, 211, 915 P.2d 672, 685 (1996)).

In denying the Motion for DANC under the conditions that Phillips requested it (contingent upon Phillips' intention to return to the mainland to serve out a term of probation), the District Court did not act arbitrarily or capriciously, and did not "refuse to entertain" the motion. *Cf.*, *State v. Martin*, 56 Haw. 292, 294, 535 P.2d 127, 128 (1975) (holding that it was improper for the sentencing judge to "arbitrarily and capriciously, refuse[] to entertain" a motion for deferred acceptance of a guilty plea); *State v. Buchanan*, 59 Haw. 562, 563, 584 P.2d 126, 127 (1978) (distinguishing *Martin* on the basis that the record showed consideration of the motion "on its merits, and denial of the motion only after review by the court of the circumstances of the offense as well as testimony offered by the appellant."). Rather, the court spent an appreciable amount of time listening to Phillips and her counsel before arriving at and then explaining its conclusion that while it would award probation and defer acceptance of the no contest plea if Phillips served out her probation in-state, there were practical difficulties in managing the deferred acceptance process in the event of an out-of-state probation, and for that reason would not grant the Motion for DANC and declined to order Phillips to serve a term of probation.

---

[4]/(...continued)
Haw. Rev. Stat. § 853-1 (2014) (emphasis added).

In sum, the District Court's consideration of effective enforcement mechanisms, the availability of probation supervision, and whether there was some means of assuring that Phillips would return to court in the event of a probation violation, was in keeping with and displayed a proper consideration of the "ends of justice" as required by the statute. Haw. Rev. Stat. § 853-1(a)(3). Accordingly, the District Court did not abuse its discretion in its denial of Phillips' Motion for DANC.

(2) Phillips contends that the District Court violated her state and federal constitutional rights because her Motion for DANC was denied "simply because [she] was not a permanent Hawaiʻi resident . . . ." Phillips mischaracterizes the District Court's rationale.

From the transcript as a whole, it is evident that the District Court was attempting to balance the imposition of a fair sentence, Phillips' desire to return to the mainland as soon as possible, and the administrative difficulties associated with enforcing an out-of-state probation as a precondition to accepting a DANC plea. The District Court did not deny the motion because Phillips was "not a permanent Hawaiʻi resident," but because Phillips' intention to serve her probation on the mainland made enforcement of the probation and proof of compliance for the deferral of the no contest plea more difficult.

Since the State's agreement to probation was premised on the court granting Phillips' Motion for DANC, the District Court declined to impose probation, and instead ordered Phillips to serve five days in jail with four days suspended on the condition that Phillips commit no further violations of the law, enroll in substance abuse treatment, and take all medications as prescribed. Phillips was also given credit for one day already served.

Recognizing that there are administrative problems associated with enforcing an out-of-state probation as part of a DANC is not the same thing as denying a DANC "because Phillips was not a permanent Hawaiʻi resident." The District Court could

4

have prohibited Phillips from leaving Hawaiʻi during the probation or deferral periods. *See United States v. Knights*, 534 U.S. 112, 119 (2001) ("Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens."); *see also People v. Stapleton,* 215 Cal. Rptr. 3d 534, 539-41 (Cal. Ct. App. 2017) (recognizing the need for a probationer to have a residence which would make adequate supervision possible); *cf. State v. Morris*, 72 Haw. 67, 71-72, 806 P.2d 407, 410 (1991) ("While probationers have a right to enjoy a significant degree of privacy and liberty, . . . there is 'limited freedom afforded someone who but for the grace of the sentencing court would be in prison.'" (citing State v. Fields, 67 Haw. 268, 278, 686 P.2d 1379, 1388 (1984))). Instead, the court listened to Phillips, heard her explanation for wanting to leave Hawaiʻi and return to a place that would provide her with the support that she needed, and accommodated her to the extent that the court could.

Accordingly, Phillips was not deprived of due process under Article I, Section 5 of the Hawaiʻi Constitution, or Section 1 of the Fourteenth Amendment to the United States Constitution.

Therefore, the July 31, 2017 Judgment and Notice of Entry of Judgment of the District Court of the Third Circuit, Kona Division, is affirmed.

DATED: Honolulu, Hawaiʻi, February 15, 2019.

On the briefs:

Jacqueline R. Maʻele,
Deputy Public Defender,
for Defendant-Appellant.

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge